[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #118
This case arises from an underlying summary process action wherein the plaintiff, American Bank, seeks to evict the defendant, Frank Mango, from leased premises for nonpayment of rent. On January 16, 1996, this court issued a memorandum of decision wherein portions of the defendant's original special defenses and counterclaim were ordered stricken. See AmericanBank v. Mango, Superior Court, judicial district of Waterbury, Docket No. 126053 (January 16, 1996, Pellegrino, J.). In response, the defendant elected to replead and filed a substituted answer and counterclaim on January 30, 1996. On March 1, 1996, the plaintiff filed the operative motion to strike (#118).
SPECIAL DEFENSE ONE
In support of the present motion to strike, the plaintiff advances the same argument which this court specifically rejected in its earlier memorandum of decision. See American Bank v.Mango, supra. In accordance this ruling, the plaintiff's motion to strike is denied.
SPECIAL DEFENSE TWO
Special defense two alleges, in some detail, that the defendant entered in the subject agreement under duress. This court must assume that these allegations, and all inferences which may be fairly drawn from them, are true. When viewed in this light, this court is convinced that these allegations, if CT Page 3694 proven, could conceivably constitute duress. The plaintiff's motion to strike is therefore denied.
SPECIAL DEFENSE THREE
Special defense three incorporates the allegations of the second special defense and alleges that the defendant relied to his detriment upon "the limited facts disclosed . . ." This court concludes that these allegations are sufficient to allege a special defense sounding in fraud. As such, the plaintiff's motion to strike is denied.
SPECIAL DEFENSE FOUR
This court has previously ruled on the legal sufficiency of this special defense in its earlier memorandum of decision; seeAmerican Bank v. Mango, supra; and refuses to reconsider the issue at the present time. The plaintiff's motion to strike is therefore denied.
SPECIAL DEFENSE FIVE
Special defense five alleges that the plaintiff violated the covenant of good faith and fair dealing in the execution of the agreements which are the subject of the present suit ("the subject agreements"). Construing these allegations in their most favorable light, this court is convinced that these allegations could conceivably constitute a valid special defense. Accordingly, the plaintiff's motion to strike is denied.
COUNTERCLAIM — COUNT ONE
Count one alleges a violation of federal and state truth-in-lending acts. Once again, the plaintiff advances an argument in support of its motion to strike which was specifically rejected by this court in its earlier memorandum of decision. This court sees no reason to revisit this issue; the plaintiff's motion to strike is denied.
COUNTERCLAIM — COUNT TWO
Count two alleges that the subject agreements are "void and illegal" because of the plaintiff's wrongful conduct. This court finds that the defendant has alleged sufficient facts which if proved may sustain this counterclaim despite the plaintiff's CT Page 3695 protestations to the contrary. The plaintiff's motion to strike is therefore denied.
COUNTERCLAIM — COUNTS THREE AND FOUR
Counts three and four incorporate the allegations of the second and third special defenses, respectively, and allege counterclaims sounding in fraud and duress. In accordance with this court's analysis regarding special defenses two and three, the plaintiff's motion to strike is denied.
COUNTERCLAIM — COUNT FIVE
Count five of the counterclaim invokes the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-100 et seq., but fails to allege the necessary elements to sustain such a cause of action. Count five is legally insufficient and should be stricken.
/s/ Pellegrino ------------------- PELLEGRINO, J